IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anne Terlesky, *and all others similarly situated,* | : | Case No. 1:15-cv-374 |
| | : | |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | Order Granting in Part and Denying in |
| Fifth Dimension, Inc., | : | Part Defendant's Motion to Dismiss |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Class

Action Complaint (Doc. 6). For the reasons that follow, Defendant's Motion to Dismiss will be

GRANTED IN PART AND DENIED IN PART.

I.      BACKGROUND

A.      Facts[1]

The action is brought by Plaintiff on behalf of herself and class members who purchased

Tito's Handmade Vodka because the label described the product as both "Handmade" and

"Crafted in an Old Fashioned Pot Still by America's Original Microdistillery." Defendant, Fifth

Generation, Inc.,[2] is alleged to manufacturer, distribute, market, and/or sell Tito's Handmade

Vodka. Plaintiff alleges that the product is not actually handmade, because it is made from

commercially manufactured neutral grain spirit that is trucked and pumped into an industrial

facility, distilled in a large industrial complex with modern, technologically advanced stills, and

produced and bottled in extremely large quantities.

---

[1] The Court has drawn the background facts from Plaintiff's Complaint (Doc. 3) unless otherwise indicated.
[2] Defendant was named in the Complaint as "Fifth Dimension, Inc." but asserts in its Motion to Dismiss that its proper party name is "Fifth Generation, Inc." (Doc. 6 at PageID 53.) The Court will accordingly refer to the Defendant as Fifth Generation, Inc.

Plaintiff Anne Terlesky alleges that she purchased Tito's Handmade Vodka once every month for the past several years from the Kroger's in Hyde Park, Ohio.  She claims that at the time of purchase, Tito's Handmade Vodka was prominently marked with a "Handmade" label and as being "Crafted in an Old Fashioned Pot Still by American's Original Microdistillery." Plaintiff alleges that she believed she was buying a high-quality product made by human hands, not a product made in large industrial vats in mass quantities.  Plaintiff asserts the following claims: violation of the Ohio Deceptive Trade Practices Act, violation of the Ohio Consumer Sales Practices Act, unjust enrichment, promissory estoppel, negligent misrepresentation, fraud, and declaratory judgment/injunctive relief.  Although she has not yet moved to certify a class, Plaintiff brings her action on behalf of herself and persons residing in the state of Ohio who purchased Tito's Handmade Vodka.

On June 24, 2105, Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint and Memorandum in Support.  (Doc. 6.)  Plaintiff opposes the Motion (Doc. 8.)  For the reasons that follow, Plaintiff's Motion will be GRANTED IN PART AND DENIED IN PART.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true.  *Lambert v. Hartman*,

517 F.3d 433, 439 (6th Cir. 2008). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc*., 702 F.3d 860, 867 (6th Cir. 2012).

## III.  ANALYSIS

Defendant argues in its Motion to Dismiss that each of Plaintiff's claims is subject to dismissal. Defendant claims Plaintiff lacks standing to allege a claim under the Ohio Deceptive Trade Practices Act and fails to allege notice sufficient to pursue a class action under the Ohio Consumer Sales Practices Act. Defendant claims Plaintiff's remaining claims are either inadequately plead or fail as a matter of law.[3] The Court will consider each argument in turn.

### A. Ohio Deceptive Trade Practices Act

The Court first will consider the viability of Plaintiff's Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01, *et seq*. ("ODTPA"), claim. Plaintiff alleges that the Defendant made and continues to make deceptive, false, and misleading statements that Tito's Handmade Vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery," which deceived Plaintiff and the proposed class in violation of the ODTPA.

The parties diverge over the issue of whether Plaintiff, as a consumer, has standing to bring her claim under the ODTPA. The Ohio Supreme Court has not yet resolved the issue of whether a consumer may pursue a claim under the ODTPA[4], and there is a split of authority between the Northern and Southern Districts of Ohio, and even within the Southern District, on

---

[3] Although Defendant originally moved to dismiss Plaintiff's unjust enrichment claim, Plaintiff withdrew her claim for unjust enrichment in response to Defendant's Motion to Dismiss. (Doc. 8 at PageID 195.) Accordingly, the Court need not address those arguments.

[4] In *McKinney v. Bayer Corp.,* Judge O'Malley certified to the Ohio Supreme Court the question of a consumer's standing under the ODTPA. 744 F. Supp. 2d 733, 749–52 (N.D. Ohio 2010). But because the plaintiff dismissed his ODTPA claim, this issue never was addressed by the Court. *Robins v. Global Fitness Holdings, LLC,* 838 F. Supp. 2d 631, 650 n.3 (N.D. Ohio 2012) (Polster, J.).

the issue. *See Schumacher v. State Auto. Mut. Ins. Co.*, 47 F. Supp. 3d 618, 630–33 (S.D. Ohio 2014) (acknowledging split of authority and discussing cases). Thus, the Court must do its best to anticipate how the Ohio Supreme Court would rule. *Id.* at 630.

The ODTPA confers standing to commence a civil action upon a "person who is likely to be damaged by a person who commits a deceptive trade practice" or a "person who is injured by a person who commits a deceptive trade practice." Ohio Rev. Code § 4165.03(A)(1)–(2). A "person" is defined under the ODTPA as "an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, limited liability company, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity." Ohio Rev. Code § 4165.01(D).

The majority of courts addressing this issue have reasoned that the ODTPA is substantially similar to Section 43(a) of the Lanham Act, which confers standing on "any person who believes that he or she is likely to be damaged" by prohibited conduct under 15 U.S.C. § 1125(a). *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 874 (S.D. Ohio 2012); *Dawson v. Blockbuster, Inc.*, 8th Dist. No. 86451, 2006 WL 1061769, at *4 (Ohio App Ct. Mar. 16, 2006), *cert. denied*, 110 Ohio St. 3d 1442, 852 N.E.2d 190 (Ohio 2006)). These courts reason that because "the ODTPA is substantially similar to Section 43(a) of the Lanham Act and the Lanham Act protects the interests of a purely commercial class that does not include individual consumers," the ODTPA does not confer standing upon consumers. *In re Porsche,* 880 F. Supp. 2d at 874 (citing *Dawson*, 2006 WL 1061769, at *3 (citing *Yocono's Rest., Inc. v. Yocono*, 100 Ohio App. 3d 11, 17, 651 N.E.2d 1347 (1994))). Defendant urges this Court to adopt the conclusions of *In re Porsche, Dawson*, and other cases in which the court held that the ODTPA does not provide relief for a "consumer." *See, e.g., CitiMortgage, Inc. v. Crawford*, 934 F. Supp.

4

2d 942, 950 (S.D. Ohio 2013) (Black, J.) ("a consumer does not have standing to [s]ue under the DPTA"); *Phillips v. Philip Morris Cos.*, 290 F.R.D. 476, 484 (N.D. Ohio 2013) (Lioi, J.) ("the Court holds that consumers lack standing to bring claims under the DTPA"); *Hamilton v. Ball*, 7 N.E.3d 1241, 1253 (Ohio App. 2014) (consumers lack standing to file suit under the DTPA). Further, in *Holbrook v. Louisiana-Pacific Corp.*, 533 Fed. App'x 493, 497–98 (6th Cir. 2013), the Sixth Circuit affirmed the proposition cited by Judge Lioi in *Phillips* that the ODTPA is not available to consumers.

An alternative, and minority, school of thought on this position has been articulated by the Honorable Walter H. Rice in *Bower v. Int'l Bus. Machs., Inc.*, 495 F. Supp. 2d 837, 842–44 (S.D. Ohio 2007), and recently followed and expounded upon by the Honorable S. Arthur Spiegel in *Schumacher*, 47 F. Supp. 3d at 630–33 (S.D. Ohio 2014). Both decisions concluded that the plain language of the ODPTA is not so restrictive to exclude a consumer from bringing a civil action. *Schumacher*, 47 F. Supp. 3d at 632; *Bower*, 495 F. Supp. 2d at 844.

The Court will heed the majority opinion on this issue and hold that a "consumer" does not have standing to commence a civil action under the ODTPA. As such, the Court will GRANT Defendant's Motion to Dismiss Plaintiff's ODTPA claim on this basis.

### B. Ohio Consumer Sales Practices Act

The Court will next consider whether Plaintiff adequately plead her Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.* ("OCSPA") claim. Plaintiff alleges Defendant committed and continues to commit unfair and deceptive acts or practices in connection with a consumer transaction by manufacturing, selling, marketing, packaging, and advertising Tito's Handmade Vodka to consumers with false and misleading statements concerning the nature of the product, such as that it was "Handmade" and "Crafted in an Old Fashioned Pot Still by

5

America's Original Microdistillery."  Plaintiff claims that these alleged practices deceived her and the proposed class, were material to their purchasing and payment decisions, and damaged Plaintiff and the proposed class.

Under the OCSPA, "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." Ohio Rev. Code § 1345.02 (A).  "Plaintiffs bringing OCSPA claims must allege that the defendant performed an act or omission that was unfair or deceptive, and that the alleged act 'impacted [the plaintiffs'] decision to purchase the item at issue.'" *In re Porsche*, 880 F. Supp. 2d at 868 (citing *Temple v. Fleetwood Enters., Inc*., 133 Fed. App'x 254, 265 (6th Cir. 2005)).

"Plaintiffs bringing class actions under the OCSPA are subject to the class action notice requirement outlined in Ohio Rev. Code § 1345.09(B).  Under the OCSPA, consumers may seek relief in a class action only if the defendant was sufficiently on notice that its conduct was deceptive or unconscionable under the statute at the time it committed the alleged acts." *Id*. (citing Ohio Rev. Code § 1345.09(B)); *Marrone v. Philip Morris USA, Inc*., 110 Ohio St. 3d 5, 850 N.E.2d 31, 34 (2006)).  "Plaintiffs bringing claims on behalf of a class must demonstrate that either (1) the alleged violation is an act or practice that was declared to be deceptive or unconscionable by a rule adopted by the Attorney General before the consumer transaction on which the action is based or (2) the alleged violation is an act or practice that was determined by a court to violate the OCSPA and the court's decision was available for inspection before the transaction took place." *Id*. (citing Ohio Rev. Code § 1345.09(B)).  A plaintiff bringing putative class claims under the OCSPA must therefore identify in her complaint the rule or case that satisfies the notice requirement under Ohio Rev. Code § 1345.09(B).  *Id*.  If a plaintiff fails to do

6

so, dismissal of the claim as a class action is proper, and the plaintiff may proceed in her individual capacity alone. *Id*.

In this case, Defendant argues Plaintiff's Complaint does not identify any rule adopted by the Attorney General or determined by a court to violate the OCSPA to demonstrate the Defendant was on notice that the conduct in question was deceptive or unconscionable. The Court agrees. The Court was unable to locate any such language in the Complaint, and in responding to Defendant's Motion to Dismiss, Plaintiff did not draw the Court's attention to or otherwise identify any provisions in her Complaint that would demonstrate she has met the notice requirement of Ohio Rev. Code § 1345.09(B). Rather, Plaintiff argues that the OCSPA does not mandate a pleading requirement. The Court does not find this argument compelling, and the authority cited above demonstrates otherwise. Plaintiff also cites four cases and/or consent decrees and argues that these demonstrate Defendant had prior notice; however, these cases and/or consent decrees were not cited in the Complaint.[5] *In re Porsche*, 880 F. Supp. 2d at 870 (declining to consider cases cited in opposition to motion to dismiss as giving notice under the OCSPA where those cases were not identified in the complaint). Thus, the Court concludes that Plaintiff has not met the notice pleading requirement of Ohio Rev. Code § 1345.09(B). As such, she is precluded from advancing an OCSPA claim on behalf of a class. Although Plaintiff's individual OCSPA claim survives, her class claim brought under the OCSPA will therefore be dismissed.

---

[5] In any event, Defendant cites persuasive authority that a consent decree would not serve as statutory notice under the OCSPA. *See Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051, 1057 (N.D. Ohio 2014) ("[C]onsent decrees . . . cannot serve as the basis of prior notice.")

### C.  Promissory Estoppel

Defendant argues that Plaintiff's claim for promissory estoppel must be dismissed because she cannot satisfy the "promise" element of the claim.  A promissory estoppel claim under Ohio law is comprised of four elements: "(1) a clear, unambiguous promise; (2) reliance upon the promise by the person to whom the promise is made; (3) the reliance is reasonable and foreseeable; and (4) the person claiming reliance is injured as a result of reliance on the promise."  *Pappas v. Ippolito*, 177 Ohio App. 3d 625, 641, 895 N.E.2d 610, 622 (Ohio Ct. App. 2008) (citation omitted).

In asserting her promissory estoppel claim, Plaintiff alleges: "Defendant made clear and unambiguous representations and promises concerning the Vodka.  Defendant also concealed material facts relating to these representations and promises so as to render them deceptive and misleading."  (Doc. 3 at PageID 42.)  Plaintiff alleges that as a result of these representations, promises, and deceptive practices, Defendant induced Plaintiff and the proposed class to purchase Tito's Handmade Vodka, and Plaintiff and the proposed class reasonably relied upon the Defendant's alleged misrepresentations when doing so.  (*Id.*)

Defendant argues that Plaintiff fails to plead an enforceable promise, or "an intention to do or refrain from doing something in the future[,]" as opposed to "a misrepresentation of an existing or past fact[.]"  *Pappas*, 895 N.E.2d at 622.  In responding to Defendant's Motion, Plaintiff asserts that whether something is "handmade" is a statement of existing or past fact or a statement of intention to do or refrain from doing something in the future is a factual dispute to be decided at summary judgment.

The Court is satisfied that the Plaintiff has, at this early stage, adequately pled facts to support a plausible claim of promissory estoppel.  The Court anticipates that the legal issue

raised by Defendant may be expounded upon at a later stage in the court proceeding, such as summary judgment. Accordingly, Defendant's Motion to Dismiss Plaintiff's promissory estoppel claim will be DENIED.

### D. Negligent Misrepresentation

Defendant moves to dismiss Plaintiff's negligent misrepresentation claim on several grounds. The elements of negligent misrepresentation are as follows: (1) the defendant supplied false information; (2) in the course of his business, profession, or employment, or any other transaction for which he has a pecuniary interest; (3) that caused pecuniary loss to the plaintiff; (4) justifiable reliance; and (5) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information at issue. *Delman v. City of Cleveland Heights,* 41 Ohio St. 3d 1, 4, 534 N.E.2d 835, 838 (1989).

In her Complaint, Plaintiff alleges Defendant "negligently and falsely represented the scope and nature of their Vodka[,]" that those misrepresentations were made in the course of Defendant's business and with respect to transactions for which it had a pecuniary interest, and that Defendant supplied the false information to Plaintiff and the proposed class to influence and guide their purchasing decisions. (Doc. 3 at PageID 43.) Plaintiff alleges that "Defendant's [sic] breached their duty of care by, among others, failing to accurately communicate the statements that the Vodka was 'Handmade' and that the Vodka was 'Crafted in an Old Fashioned Pot Still by America's Original Microsdistillery.'" (*Id.*) Plaintiff claims that she and the proposed class reasonably and justifiably relied upon Defendant's false and negligent misrepresentations and suffered damages as a result. (*Id.*)

Defendant advances several arguments in support of its Motion to Dismiss Plaintiff's negligent misrepresentation claim. First, Defendant contends that Plaintiff's definition of

"handmade" must be based upon a "misunderstanding," because Plaintiff's definition for what "handmade" means appears to be based upon her subjective definition and without consideration for the remainder of the Defendant's label.[6]  Defendant also argues the Court should find that Plaintiff's claim fails the plausibility standard.  Second, Defendant claims that the Complaint fails to adequately plead the elements of negligent misrepresentation.  Specifically, Defendant relies upon *Gutter v. Down Jones, Inc.*, 22 Ohio St. 3d 286, 288–89, 490 N.E.2d 898, 900–01 (1986) for the proposition that communicating information to a general, undifferentiated audience or to the general public cannot form the basis of a negligent misrepresentation claim. Third, Defendant contends that the Complaint does not allege any "business purpose" that Plaintiff had in buying the Tito's Handmade Vodka or in relying upon the label content, and she fails to show a relationship between herself and Defendant other than being a member of the general public.  Fourth, Defendant argues that Plaintiff does not allege any personal injury or any damages beyond economic loss based upon the perceived value of the Tito's Handmade Vodka in the retail marketplace.  Plaintiff responds that she has adequately pled all elements of her claim, but she does not otherwise address the underlying substantive arguments raised by the Defendant.

The Court finds Defendant's second argument compelling and dispositive.  The Ohio Supreme Court has explained that liability for negligent misrepresentation is limited to "the person or one of a limited group of persons for whose benefit and guidance [the defendant] intends to supply the information or knows that the recipient intends to supply it."  *Gutter*, 490 N.E.2d at 900.  "The determination of whether the plaintiff is a member of a limited class of

---

[6] By way of separate filing, Defendant asks the Court to take judicial notice of the "Tito's Handmade Vodka" label. (Doc. 7.)

foreseeable persons is dependent upon the factual circumstances of the representation made and the relationship between the parties." *National Mulch and Seed, Inc. v. Rexius Forest By-Products Inc.*, No. 2:02-cv-1288, 2007 WL 894833, at * 10 (S.D. Ohio Mar. 22, 2007). "[A] person may not maintain an action for negligent misrepresentation when the alleged misrepresentation is intended to reach an extensive, unresolved class of persons." *Id*.

In her Complaint, Plaintiff alleges her action is brought on behalf of herself and all persons similarly residing in Ohio who purchased Defendant's Tito's Handmade Vodka. (Doc. 3 at PageID 37.) She asserts that the Tito's Handmade Vodka was manufactured or produced at the rate of 500 cases of vodka an hour and that the Tito's Handmade Vodka bottles are labeled in the same manner. (*Id*. at PageID 35, 43.) The facts as pled demonstrate that Plaintiff is not part of a limited class, but rather, an "extensive, unresolved class of persons." *National Mulch,* 2007 WL 894833, at *10. Because the Defendant's alleged misrepresentation is intended to reach an extensive, unresolved, class of people, the Court construes the claim as being made to the public-at-large. Accordingly, Defendant's Motion to Dismiss Plaintiff's negligent misrepresentation claim will be GRANTED.

### E. Fraud

Defendant asserts that Plaintiff's claim of fraud must fail because she has alleged her only harm is for economic loss. To maintain a claim of fraud under Ohio law, the plaintiff must plead: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Delahunt v. Cytodyne Tech.*, 241 F. Supp. 2d 827, 834 (S.D. Ohio 2003). Relying upon *Delahunt*, Defendant argues that Plaintiff has failed to plead an injury proximately caused by the alleged reliance upon the misrepresentation in the label, a requirement under Ohio law.

In *Delahunt*, the plaintiff similarly attempted to plead a consumer fraud claim on behalf of a proposed class that suffered no physical or psychological injuries as the result of their use of the product at issue; rather, the proposed class suffered only financial harm as a result of having purchased a product that was not accurately described at the time of sale. *Id.* The court held: "to allow such claims to proceed would be to eradicate the viability of the tort system by overcompensating buyers and creating inefficient incentives for manufacturers." *Id.* The court was not persuaded by the plaintiff's argument that the class members suffered harm for an action for fraud because they were induced to take an action they would not have taken but for the defendants' alleged misrepresentations, and they allegedly received something less valuable that what was bargained. Rather, the court held "an action for fraud . . . requires more" under Ohio law. *Id.* The court found the "absence of an injury above and beyond the reliance on the misrepresentation itself that is fatal to the fraud claims asserted on behalf of the class." *Id.*

Plaintiff argues that *Delahunt* is not applicable, because the Plaintiff is pleading fraud in the inducement. The Court does not find Plaintiff's attempt to distinguish *Delahunt* meaningful. In fact, the *Delahunt* court rejected that very argument. Finding *Delahunt* controlling, and because Plaintiff has not alleged an injury proximately caused by the reliance, her claim for fraud cannot stand. Accordingly, Defendant's Motion to Dismiss this claim will be GRANTED.

### F. Derivative Claims

Defendant argues that Plaintiff's derivative claims for injunctive relief and declaratory judgment should fail if Plaintiff's other claims fail. Because some claims survive Defendant's Motion to Dismiss, this argument is not persuasive.

### G. Leave to Amend

Finally, in response to Defendant's Motion to Dismiss, Plaintiff asks that if the Court find any of Defendant's arguments persuasive, it be granted leave to amend the Complaint to cure such perceived deficiencies. Plaintiff has not proffered a proposed amended complaint or moved the Court to amend under Fed. Rule Civ. P. 15(a). Even if the Court were to construe Plaintiff's statement in passing that leave should be granted, Plaintiff has failed to demonstrate why the Court should grant such a motion. *Begala v. PNC Bank, Ohio Nat. Ass'n,* 214 F.3d 776, 784 (6th Cir. 2000) (finding district court did not err or abuse its discretion in denying right to amend and that plaintiffs' stating, almost as an aside, to the district court in a memorandum in opposition that it should be given an opportunity to clarify their allegations was not a motion to amend); *C&L Ward Bros., Co. v. Outsource Solutions, Inc*., 547 Fed. App'x 741, 745 (6th Cir. 2013) ("A properly filed motion for leave complete with an indication of the grounds upon which the amendment is sought and the general contents of the amendment is preferable.") The Court declines the invitation to grant such leave in this case.

**IV.     CONCLUSION**

For the reasons addressed herein, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED IN PART AND DENIED IN PART**.  Defendant's Motion is **GRANTED** with respect to Plaintiff's ODTPA claim, OCSPA class claim, and fraud claim.  Plaintiff's OCSPA claim brought in her individual capacity will survive.  Defendant's Motion is **DENIED** with respect to Plaintiff's promissory estoppel claim and request for declaratory judgment and injunctive relief.

IT IS SO ORDERED.

S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court

14